**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

February 27, 2020

Writer's Direct Contact
+1 (415) 268.6626
CVetesi@mofo.com

*Via Facsimile and ECF*

Hon. Nelson S. Román
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601
Facsimile:  (914) 390-4179

Re:   ***Clarke et al. v. Tillamook County Creamery Association***
      **No. 7:19-cv-08207-NSR (S.D.N.Y.)**

Dear Judge Román:

On behalf of defendant Tillamook County Creamery Association ("Tillamook"), we submit this letter pursuant to this Court's Individual Rules of Practice in Civil Cases to request a pre-motion conference in anticipation of filing a motion to dismiss the complaint of Justin Clarke ("Plaintiff") on behalf of himself and a requested nationwide class.

Plaintiff attempts to bring a nationwide class action based on the allegation that eleven of Tillamook's vanilla ice cream products (the "Products") are not properly categorized as "vanilla ice cream" under the Federal Food Drug & Cosmetic Act ("FDCA"), as implemented in 21 C.F.R. § 135.110.  Compl. ¶ 24.  At an unspecified location on an unspecified date, Plaintiff allegedly purchased at least one of the Products for an unspecified price.  *Id*. ¶ 66.  Plaintiff contends that the Products are improperly categorized under FDA ice cream regulations because they contain both "natural vanilla flavor" and "natural flavor," which he claims are not exclusively derived from the vanilla plant as allegedly required by the regulation.  *Id*. ¶ 30.  He alleges that he purchased the Products at a premium he would not have paid had he known the "truth."  *Id*. ¶ 54.

Based on these allegations, Plaintiff asserts six claims: (i) violation of the consumer protection statutes of all 50 states, including New York General Business Law ("GBL") §§ 349 and 350 and the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*.; (ii) negligent misrepresentation; (iii) breach of express warranty; (iv) breaches of the implied warranty of merchantability and the Magnuson Moss Warranty Act ("MMWA"); (v) common law fraud; and (vi) unjust enrichment.  *See* Compl. pp. 16-21.  Plaintiff's claims must be dismissed for several reasons.

*First*, Plaintiff's claims fail because they attempt to privately enforce the FDCA, under which no private right of action exists.  *See Buckman Co. v. Plaintiff's Legal Comm*., 531 U.S. 341, 349 n.4 (2001).  Here, Plaintiff's claims rely solely on purported violations of

MORRISON | FOERSTER

February 27, 2020
Page Two

the FDCA, specifically 21 C.F.R. § 135.110. But Plaintiff is not empowered to enforce FDA regulations. *Solak v. Hain Celestial Grp., Inc.*, No. 3:17-cv-0704 (LEK)(DEP), 2018 WL 1870474, at *9 (N.D.N.Y Apr. 17, 2018) ("Any state law claim premised upon violations of the FDCA [] cannot survive a motion to dismiss."). Accordingly, Plaintiff's state law claims must be dismissed. *Id*.

*Second*, to the extent Plaintiff is not simply attempting to enforce the FDCA, the FDCA preempts his claims as imposing labeling requirements "not identical" to federal labeling requirements. 21 U.S.C. § 343-1(a). Plaintiff contends that the Products are not properly categorized as Category 1 "vanilla" ice cream under 21 C.F.R. § 135.110(f)(2)(i) because the products are allegedly made with ingredients not exclusively derived from the vanilla plant. Compl. ¶ 23-24. But under that regulation, an ice cream product is properly labeled as vanilla if it "contains no artificial flavor." The regulation does not state that any flavor not derived from the vanilla plant is an artificial flavor. *Astiana v. Dreyer's Ice Cream*, No. C-11-2910 (EMC), 2012 WL 2990766, at *5-6 (N.D. Cal. July 20, 2012). And nowhere else in the complaint does the plaintiff allege the products contain any "artificial flavors." Accordingly, the Products are properly labeled as Category 1 "vanilla" ice cream based on the plain language of the regulation. Because Plaintiff's lawsuit would create labeling requirements "not identical" to 21 C.F.R. § 135.110(f)(2)(i), it must be dismissed.

*Third*, Plaintiff is constitutionally and statutorily barred from bringing claims under any other state's consumer protection laws and from representing putative class members who were not injured in New York. Plaintiff lacks standing to bring claims under the laws of states in which he has never lived and in which he has never made a purchase. *In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 49 (E.D.N.Y. 2014). Plaintiff, as a New York citizen, therefore, only has standing to bring claims under the laws of New York. Plaintiff cannot cure this defect by using "Jane Doe" plaintiffs. *Stoltz v. Fage Dairy Processing Indus.*, No. 14-CV-3826 (MKB), 2015 WL 5579872, at *11-13 (E.D.N.Y. Sept. 22, 2015) (a claim on behalf of a fictional Jane Doe plaintiff must be dismissed because non-existent parties cannot allege standing). Further, this Court does not have specific jurisdiction over claims of out-of-state-plaintiffs because there is no connection between their claims and this State. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). Plaintiff does not allege that out-of-state plaintiffs purchased the products in New York, were injured in New York, or that their claims have any connection to Tillamook's contacts with New York. Accordingly, the Court lacks personal jurisdiction over Tillamook regarding those claims.

*Fourth*, Plaintiff does not have standing to pursue injunctive relief because—by his own admission—he will never buy the products with the allegedly offending packaging again, thus negating "a real or immediate threat" of future injury. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). Plaintiff's claim that he will buy the product again "after assurances that the Products' misrepresentations [are] no longer misleading" is insufficient to establish future injury. Compl. ¶ 68. Plaintiff's mere consideration not only amounts to insufficient "allegations of future injury," but also implies that the Plaintiff will

MORRISON | FOERSTER

February 27, 2020
Page Three

never be injured by the allegedly offending product again.  *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015).  Further, plaintiff lacks standing to sue about any of the Products that he did not purchase.  *Hart v. BHH, LLC*, No. 15-cv-4804, 2016 WL 2644228, at *4 (S.D.N.Y May 5, 2016).

*Fifth*, Plaintiff fails to state a plausible claim for relief.  To state a plausible claim in the context of mislabeling under New York law, a plaintiff must establish that the defendant's allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances.  *Mantikas v. Kellog Co.*, 910 F.3d 633, 636 (2d Cri. 2018).  Here, a significant portion of the general consuming public acting reasonably would not conclude that Tillamook's products were made with flavors exclusively derived from the vanilla plant, which the plaintiff pleads is the "second most expensive flavoring ingredient" in the world.  Compl. ¶ 19.  Further, it is implausible that the general consuming public would share the same interpretation (or even have knowledge) of the FDA regulations at issue here.

*Sixth*, Plaintiff's claims fail to meet the stringent requirements of Rule 9(b).  *See Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 254-55 (S.D.N.Y. 2011).  Plaintiff fails to plead with specificity which of the Products he purchased, where and when he made his purchase(s), and how any representation on the product was false.  *See KCG Americas LLC v. Brazilmed LLC*, No. 15-cv-4600 (AT), 2016 WL 900396, at *2 (S.D.N.Y. Feb. 26, 2016).

*Finally*, Plaintiff's GBL, express and implied warranty, MMWA, negligent misrepresentation, and unjust enrichment claims fail for claim specific reasons.  Plaintiff fails to state a GBL claim because he does not plead an actual injury separate and distinct from the alleged deception.  *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999).  The express warranty claim fails because plaintiff's vague and conclusory allegations do not provide a sufficient factual basis to establish a plausible breach.  *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 263 (E.D.N.Y. 2014).  The implied warranty of merchantability and MMWA claims fail because plaintiff fails to allege privity or that the products are not merchantable.  *Silva v. Smucker Nat. Foods, Inc.*, No. 14-cv-6154 (JG)(RML), 2015 WL 536022, at *11 (E.D.N.Y. Sept. 14, 2015) (food products need only be fit for human consumption to be merchantable); *Arthur Jaffe Assocs. v. Bilsco Auto Serv. Inc.*, 58 N.Y.2d 993, 995 (1983) (implied warranty of merchantability claims require privity); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2016 WL 3920353, at *18 (S.D.N.Y. July 15, 2016) (MMWA claims should be dismissed if duplicative of other claims).  The negligent misrepresentation claim also fails for lack of privity.  *Anschultz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012).  And Plaintiff's unjust enrichment claim fails as duplicative of his other claims.  *Corsello v. Verizon N.Y. Inc.*, 18 N.Y.3d 377, 790 (2012).

For the foregoing reasons, Tillamook will move to dismiss Plaintiff's claims.  We request that the Court schedule this matter for a pre-motion conference.

sf-4197037

MORRISON | FOERSTER

February 27, 2020
Page Four

Respectfully submitted,

*/s/ Claudia M. Vetesi*

Claudia M. Vetesi

Cc:     All counsel of record (via ECF)

sf-4197037